UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ARMIDA RICHINA, on behalf of herself and all others similarly situated,

        Plaintiff,

   v.

MAYTAG CORPORATION, a Delaware Corporation,

        Defendant.

NO. CIV. S 05-1281 MCE KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    Through the present class action suit, Plaintiff Armida Richina ("Plaintiff") alleges that Defendant Maytag Corporation ("Defendant") violated California's Consumer Legal Remedies Act, California Civil Code section 1750 et. seq., California's Unfair Business Practices Act, California Business and Professions Code section 17200 et. seq., and has otherwise engaged in Fraudulent Concealment and Nondisclosure.

///

1

Defendant removed the suit to this Court claiming this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now seeks to have her suit remanded to the state court. For the reasons set forth more fully below, Plaintiff's motion seeking remand is granted.[1]

**BACKGROUND**

Plaintiff purchased a Maytag oven on or about September 1, 1993. In March 1998, Plaintiff alleges that her oven showed an F-1 error. She engaged a repairman to remedy the issue, but he was unable to confirm the F-1 error. In or about March 1999, Plaintiff began to hear a beeping noise emitting from her oven. The unexpected beeping continued and would sometimes occur in the middle of the night. To relieve the problem, Plaintiff would often unplug her oven. Plaintiff again tried to have a professional address the defect to no avail. Plaintiff then brought this action in state court alleging that Defendant engaged in unfair business practices and otherwise fraudulently concealed the potential of encountering the foregoing problems. Plaintiff is suing on her own behalf and on behalf of all those similarly situated California residents.

Plaintiff filed her complaint in the California Superior Court on November 16, 2004. She filed a first amended complaint on December 23, 2004.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was enacted by Congress. On May 5, 2005, the Superior Court overruled in part and sustained in part Maytag's demurrer to Plaintiff's complaint with leave to amend. On May 25, 2005, Plaintiff filed a second amended complaint.

**STANDARD**

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties, or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332.

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See Gaus, 980 F.2d at 566. Therefore, if it appears before final judgment that a district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447©).
///

1  The district court determines whether removal is proper by
2 first determining whether a federal question exists on the face
3 of the plaintiff's well-pleaded complaint. <u>Caterpillar, Inc. v.</u>
4 <u>Williams</u>, 482 U.S. 386, 392 (1987).  If a complaint alleges only
5 state-law claims and lacks a federal question on its face, then
6 the federal court must grant the motion to remand.  <u>See</u> 28 U.S.C.
7 § 1447(c); <u>Caterpillar</u>, 482 U.S. at 392.  Nonetheless, there are
8 rare exceptions when a well–pleaded state-law cause of action
9 will be deemed to arise under federal law and support removal.
10 They are " . . . (1) where federal law completely preempts state
11 law, (2) where the claim is necessarily federal in character, or
12 (3) where the right to relief depends on the resolution of a
13 substantial, disputed federal question." <u>ARCO Envtl. Remediation</u>
14 <u>L.L.C. v. Dep't of Health & Envtl. Quality of Mont.</u>, 213 F.3d
15 1108, 1114 (9th Cir. 2000)(internal citations omitted).

16  If the district court determines that removal was improper,
17 then the court may also award the plaintiff costs and attorney
18 fees accrued in response to the defendant's removal.  28 U.S.C. §
19 1447(c).  The court has broad discretion to award costs and fees
20 whenever it finds that removal was wrong as a matter of law.
21 <u>Balcorta v. Twentieth-Century Fox Film Corp.</u>, 208 F.3d 1102, 1106
22 n.6 (9th Cir. 2000).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

On February 18, 2005, Congress enacted CAFA to ease the diversity jurisdiction requirements for certain class action suits. The express purpose of CAFA is to "benefit society by encouraging innovation and lowering consumer prices" and "by providing for federal court consideration of interstate cases of national importance under diversity jurisdiction." See 28 U.S.C. § 1711 n. (b)(2)-(3). Under CAFA, a federal court may exercise original jurisdiction over "...any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class or plaintiffs is a citizen of a State different from any defendant...." 28 U.S.C. § 1332(d)(2)(A). Defendant has removed this action to federal court on the ground that this Court has original jurisdiction pursuant to CAFA.

The parties concede that were this claim brought by Plaintiff today, it would properly be before this Court. In addition, both parties agree that CAFA, by its express terms, applies only to actions commencing "on or after the date of enactment of the Act." See Pub. L. No. 109-2, § 9, 119 Stat. 4, 14 (2005). The issue before this Court is whether Plaintiff's second amended complaint, filed after the enactment of CAFA, commences a new action for purposes of subject matter jurisdiction.

///
///
///

**1.   Recommencing the Action**

Plaintiff urges that CAFA does not confer subject matter jurisdiction in this action because this suit was filed before the effective date thereof and CAFA only applies prospectively. Defendant rebuts that Plaintiff's May 25, 2005, second amended complaint recommenced her cause of action, subsequent to the effective date of CAFA, thereby establishing jurisdiction.

Defendant reasons that the superior court granted a demurrer on Plaintiff's claim which, Defendant contends, had the effect of destroying Plaintiff's existing pleading. Accordingly, Defendant argues, the filing of Plaintiff's second amended complaint recommenced an entirely new action based on an entirely new legal theory. Defendant cites Lillian Cohen v. The Superior Court of the City and County of San Francisco in support of its argument. 244 Cal. App. 2d 650 (1966). In Cohen, the court declared that "[i]t is well settled that if the pleading is such that all of its parts are interdependent, constituting one complete and connected statement of a cause of action or defense, the effect of an order sustaining a demurrer to it is to leave no pleading on file." Id. at 655.

While Cohen does generally announce that the effect of an order sustaining a demurrer is to extinguish the existing pleading, the court's pronouncement is rather narrower than Defendant accedes. The Cohen rationale does not apply to every instance of a demurrer being sustained. In fact, the Cohen rule only applies when a complaint is amended in matters of substance as opposed to matters of form. Id. at 656.

1  Although Defendant states that Plaintiff's second amended
2  complaint provided a completely new basis for her claims of
3  fraudulent concealment, a brief review of the record reveals
4  quite the contrary.  Not only did Plaintiff's claim for
5  fraudulent concealment survive Defendant's demurrer, it has
6  remained substantively constant from Plaintiff's first filing to
7  her last.  Pl.'s Compl. at 10; Pl.'s Amended Compl. at 11; Pl.'s
8  Second Amended Compl. at 12.
9       In light of Plaintiff's consistent claim that Defendant
10 fraudulently concealed defects in its products, Defendant's
11 argument that Plaintiff's second amended complaint provides a
12 completely new basis for relief and therefore commences a new
13 action is unavailing.  The Court finds that Defendant has failed
14 to meet its burden of establishing subject matter jurisdiction.
15 Accordingly, Plaintiff's motion to remand is granted.
16
17 **2.  Attorney's Fees**
18
19      Plaintiff is seeking to recover the attorney's fees she
20 accrued in moving for remand.  Attorney's fees are proper when
21 removal is wrong as a matter of law, even though the defendant's
22 position may be "fairly supportable."  <u>Hofler v. Aetna US
23 Healthcare of Cal., Inc.</u>, 296 F.3d 764, 770 (9th Cir.
24 2002)(internal citations omitted).
25      Plaintiff avers that she is entitled to her attorney's fees
26 because Defendant sought removal despite its knowledge that CAFA
27 did not apply ex post facto.  Plaintiff's argument distorts
28 Defendant's position.

7

1  Defendant has never argued that CAFA is retroactive; rather,
2  Defendant singularly contends that Plaintiff's second amended
3  complaint recommenced her action rendering it subject to CAFA
4  and, ultimately, subject to this Court's jurisdiction.
5       Although this Court has concluded that Plaintiff's motion to
6  remand should be granted, Defendant's removal was not defective
7  as a matter of law.  Defendant advanced a factually, as opposed
8  to a legally, vacillant argument.  Accordingly, Plaintiff's
9  request for attorney's fees is denied.

## CONCLUSION

13      This Court finds that no federal question exists on the face
14  of Plaintiff's complaint nor does Plaintiff's second amended
15  complaint cause this Court to acquire jurisdiction under CAFA.
16  Accordingly, this Court lacks subject matter jurisdiction and
17  Plaintiff's motion to remand this case is GRANTED.

19      IT IS SO ORDERED.

21  DATED: October 26, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

8